# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| RESTAURANT LAW CENTER, a non-profit District of Columbia corporation; and TEXAS RESTAURANT ASSOCIATION, a non-profit Texas corporation, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION No. 1:18-cv-00567-RP |
| UNITED STATES DEPARTMENT OF LABOR; R. ALEXANDER ACOSTA, Secretary of the United States Department of Labor, in his official capacity; and BRYAN JARRETT, Acting Administrator of the Department of Labor's Wage and Hour division, in his official capacity, | § § § § § § § § § | |
| Defendants. | § § § | |

## JOINT NOTICE OF DISMISSAL

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs Restaurant Law Center and Texas Restaurant Association (collectively, "Plaintiffs") and Defendants United States Department of Labor, R. Alexander Acosta, and Bryan Jarrett (collectively, "Defendants" and together with Plaintiffs, "the Parties") file this joint notice of dismissal.  The Parties agree that the Complaint (DE 1, July 6, 2018) should be dismissed without prejudice, and in support state as follows:

1.     This case concerns the "tip credit" by which an employer may fulfill its minimum wage obligation to a tipped employee by paying a lower direct cash wage and counting a limited amount of the employee's tips as a partial credit to satisfy the difference between the direct cash

wage paid and the minimum wage. *See* 29 U.S.C. § 203(m). Specifically, this case concerns the interpretation by the Department of Labor of a regulation that addresses how the tip credit is to be applied for those employees who perform some duties that constitute a tipped job and other duties that constitute a non-tipped job. *See* 29 C.F.R. § 531.56(e); Complaint at Preliminary Statement.

2.    Section 30d00(f) of the Department of Labor's Field Operations Handbook[1] states that an employer may not take a tip credit as to time spent by a tipped employee performing tasks related to a tipped occupation that are not tip-producing, where that time exceeds 20% of the employee's total hours worked. Complaint at ¶ 42.

3.    In the Complaint, Plaintiffs allege that Section 30d00(f) exceeds Defendants' regulatory authority under the Fair Labor Standards Act and was enacted improperly. *See* Complaint, generally.

4.    On November 8, 2018, the Department of Labor issued an opinion letter that expressly "supersede[s]" the Field Operations Handbook provision challenged in this lawsuit. *See* Wage and Hour Opinion Letter, FLSA-2018-27, at 4, *available at* www.dol.gov/whd/opinion/FLSA/2018/2018_11_08_27_FLSA.pdf (last visited November 27, 2018) (the "Opinion Letter").

5.    The Opinion Letter states that the Department of Labor does "not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-service duties … or for a reasonable time immediately before or after performing such direct-service duties." *Id*. at 1, 3-4.

---

[1]    Previously § 30d00(e), before a December 2016 revision and reorganization.

6.      The Opinion Letter, which is an "official statement of [Department of Labor] policy," provides that "[a] revised [Field Operations Handbook] statement will be forthcoming." *Id.* at 1, 4.

7.      In addition to issuing the revised Field Operations Handbook statement, the Wage and Hour Division will instruct its staff, as a matter of enforcement policy, not to enforce the superseded interpretation reflected in Section 30d00(f) in any open or new investigation with respect to work performed prior to the issuance of the Opinion Letter.

8.      The Parties agree that the guidance provided by the Opinion Letter resolves the case or controversy underlying the Complaint and thus renders the dispute moot.

9.      Accordingly, the Parties agree that the Complaint should be dismissed.  The Parties further agree that the dismissal is without prejudice.

10.     The Parties further agree that all costs, including attorneys' fees, will be borne by the respective parties.

Dated: November 30, 2018

Respectfully submitted,

**JOHN F. BASH**
United States Attorney

By:      */s/  Kartik Venguswamy*
          **KARTIK N. VENGUSWAMY**
          Assistant United States Attorney
          U.S. Attorney's Office
          816 Congress Avenue, Suite 1000
          Austin, Texas  78701
          (512) 370-1294 (phone)
          (512) 916-5854 (fax)
          kartik.venguswamy2@usdoj.gov

          **ATTORNEYS FOR DEFENDANTS**
          **UNITED STATES DEPARTMENT OF LABOR,**
          **R. ALEXANDER ACOSTA, AND**
          **BRYAN JARRETT**


          /s/  *Paul DeCamp*

**ANGELO I. AMADOR**                        **PAUL DeCAMP**
   (admitted *pro hac vice*)                    (admitted *pro hac vice*)
Restaurant Law Center                     Epstein, Becker & Green, P.C.
2100 L Street, N.W., Suite 700            1227 25th Street, N.W., Suite 700
Washington, D.C.  20036                   Washington, D.C.  20037
Tel:  202.331.5913                        Tel:  202.861.0900
Fax: 202.973.3952                         Fax: 202.296.2882
AAmador@restaurant.org                    PDeCamp@ebglaw.com

                                          **GRETA RAVITSKY**
                                          Epstein, Becker & Green, P.C.
                                          Two Houston Center
                                          909 Fannin, Suite 3838
                                          Houston, TX  77010
                                          Tel:  713.300.3215
                                          Fax: 713.300.3235
                                          GRavitsky@ebglaw.com

                                          **COUNSEL FOR PLAINTIFFS**
                                          **RESTAURANT LAW CENTER AND**
                                          **TEXAS RESTAURANT ASSOCIATION**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification to all counsel of record in this case.


 */s/  Kartik Venguswamy*
KARTIK N. VENGUSWAMY
Assistant United States Attorney